**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **IN RE: JAMIE JO MONKE,** | ) | |
| | ) | |
| **Debtor.** | ) | |
| | ) | **Case No. 10-CV-2273** |
| | ) | |
| **GENERAL MEDICINE, P.C., a** | ) | |
| **Michigan Professional Corporation,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| **v.** | ) | |
| | ) | |
| **JAMIE JO MONKE,** | ) | |
| | ) | |
| **Appellee.** | ) | |

## OPINION

This is an appeal from an Order entered by the United States Bankruptcy Court for the

Central District of Illinois (Bankruptcy Case No. 10-90105) brought pursuant to 28 U.S.C. § 158(a).

Following this court's careful review, this court affirms the Order of the Bankruptcy Court.

FACTS

On January 22, 2010, the Debtor, Jamie Jo Monke, filed a chapter 7 bankruptcy petition in

the United States Bankruptcy Court, Central District of Illinois.  In the petition, the Debtor stated

that her only source of income was $2,147.00 per month from social security disability.  On April

23, 2010, General Medicine, P.C. (General Medicine), a creditor of the Debtor, filed an adversary

complaint seeking a determination of non-dischargeability of its debt under 11 U.S.C. § 523(a)(6).

In its complaint, General Medicine alleged that, on July 27, 2004, the Debtor executed an

employment agreement lasting a term of not less than two years whereby the Debtor was hired as

a physician to provide medical services on behalf of General Medicine at nursing homes where

General Medicine contracted to staff medical personnel. General Medicine attached a copy of the employment contract to the complaint. General Medicine further alleged that the Debtor willfully and unilaterally ceased her employment on February 28, 2005. General Medicine alleged that the Debtor breached the agreement by failing to continue to provide care to patients for the balance of her term of employment or until General Medicine could hire a replacement physician. General Medicine also alleged that it could not find a replacement physician and, as a direct and proximate cause thereof, it suffered damages as a result of loss of income arising from the Debtor's breach of the employment agreement. On May 24, 2010, the Debtor filed a Motion to Dismiss for Failure to State a Claim. United States Bankruptcy Judge Gerald D. Fines granted the Motion on June 24, 2010.

On July 15, 2010, General Medicine file an Amended Adversary Complaint Objecting to Discharge. The Amended Complaint added an allegation that the Debtor's breach of the employment agreement "was willful and malicious, in that said damages suffered by [General Medicine] was either intended by [the Debtor], or [the Debtor] was substantially certain said damages would occur as a result of [the Debtor's] failure to continue to provide services." General Medicine stated that the debt should not be discharged pursuant to 11 U.S.C. § 523(a)(6).

On August 26, 2010, the Debtor filed a Second Motion to Dismiss. The Debtor argued that the Amended Complaint alleged no additional facts in support of General Medicine's claims and merely added an additional legal conclusion. The Debtor argued that General Medicine had again failed to state any facts which would justify denying the Debtor's discharge of the debt.

A hearing was held on September 23, 1010, and Judge Fines granted the Debtor's Second Motion to Dismiss. Judge Fines stated:

I think this is breach of contract. I don't think it's a 523(a)(6)

malicious injury type case. So under Rule 7052 of the *Rules of*

*Bankruptcy Procedure*, that's my finding. I'm going to deny - - or

I'm going to allow the second motion to dismiss. I just don't think

that there is a malicious injury case here. And having observed the

[Debtor] on a few occasions, I don't know what the recovery would

be if you got a judgment.

On October 6, 2010, General Medicine filed a Notice of Appeal and appealed Judge Fines' Order

to this court.

## ANALYSIS

### I. STANDARD OF REVIEW

When a party appeals a bankruptcy court's order, the bankruptcy court's conclusions of law

are reviewed under a de novo standard and its findings of fact are reviewed for clear error. Freeland

v. Enodis Corp., 540 F.3d 721, 729 (7th Cir. 2008). Therefore, this court reviews de novo the

dismissal of the amended adversary complaint for failure to state a claim. See N.W. Tissue Ctr. v.

Shalala, 1 F.3d 522, 527 (7th Cir. 1993).

### II. MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made

applicable to bankruptcy cases by Rule 7012 of the Federal Rules of Bankruptcy Procedure, tests

the sufficiency of the complaint rather than the merits of the case. In re Irmen, 379 B.R. 299, 307

Bankr. N.D. Ill. 2007). This court notes that the standard that applies to dismissals for failure to

state a claim is somewhat unclear following the Supreme Court's decisions in Bell Atl. Corp. v.

Twombly, 550 U.S. 544 (2007), Erickson v. Pardus, 551 U.S. 89 (2007) and Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (2009).  See Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010). In Swanson, the Seventh Circuit explained, "[o]n the one hand, the Supreme Court has adopted a 'plausibility' standard, but on the other hand, it has insisted that it is not requiring fact pleading, nor is it adopting a single pleading standard to replace Rule 8, Rule 9, and specialized regimes like the one in the Private Securities Litigation Reform Act."  Swanson, 614 F.3d at 403.  The Seventh Circuit noted that the Supreme Court's decisions have interpreted Rule 8, not tossed it out the window.  Swanson, 614 F.3d at 403.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7008(a)).  Accordingly, "[s]pecific facts are not necessary" and "the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Swanson, 614 F.3d at 404, quoting Erickson, 551 U.S. at 93. However, the plausibility standard requires that the allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level."  E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007), quoting Twombly, 550 U.S. at 555, 569 n.14.  Plausibility means that the allegations in a complaint must permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.

Because this court is reviewing, de novo, Judge Fines' dismissal of the adversary complaint, this court accepts as true all of the factual allegations contained in the adversary complaint.  See In re Fairgrieves, 426 B.R. 748, 752 (Bankr. N.D. Ill. 2010), citing Erickson, 551 U.S. at 93-94,

4

Twombly, 550 U.S. at 555-56.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

### III.  GENERAL MEDICINE'S APPEAL

General Medicine contends that its Amended Complaint seeking a bar of discharge under 11 U.S.C. § 523(a)(6) is sufficient to state a cause of action for willful and malicious injury arising out of the breach of the employment contract between the Debtor and General Medicine.

Section 523(a)(6) provides:

> A discharge under section 727, 1141, 1228(a), 1228(b), or
>
> 1328(b) of this title does not discharge an individual debtor from any
>
> debt—
>
> . . .
>
> (6) for willful and malicious injury by the debtor to another entity or
>
> to the property of another entity.

11 U.S.C. § 523(a)(6).  To find that a debt is non-dischargeable under this section, the plaintiff must establish that: (1) it sustained an injury caused by the defendant; (2) the injury caused was willful; and (3) the injury caused was malicious.  First Weber Group, Inc. v. Horsfall, 2011 WL 1628472, at *3 (Bankr. W. D. Wis. 2011), citing Birriel v. Odeh, 431 B.R. 807, 817 (Bankr. N.D. Ill. 2010); see also In re Whiters, 337 B.R. 326, 339 (Bankr. N.D. Ind. 2006).  The United States Supreme Court has stated that the word "willful" in § 523(a)(6) "modifies that word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act*

that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998) (emphasis in original). Therefore, to establish that an injury was "willful," there must be proof that the defendants intended to cause the injury and not simply "the act itself." Geiger, 523 U.S. at 61-62. The Geiger Court noted that to give the "willful and malicious" standard a broader interpretation would be to except from discharge injuries derived from "[e]very traffic accident stemming from an initial intentional act" and every "knowing breach of contract." Geiger, 523 U.S. at 62. The Court stated that such a broad interpretation would be in conflict with the policy that "exceptions to discharge 'should be confined to those plainly expressed.'" Geiger, 523 U.S. at 62, quoting Gleason v. Thaw, 236 U.S. 558, 562 (1915). Geiger requires "acts done with the actual intent to cause injury" for a claim under § 523(a)(6), not "acts, done intentionally, that cause injury." Geiger, 523 U.S. at 61, see also In re Burke, 398 B.R. 608, 625-26 (Bankr. N.D. Ill. 2008); Irmen, 379 B.R. at 313.

"Since Geiger, courts have routinely found that a debt arising from a knowing, or even intentional, breach of contract are not excepted from discharge under § 523(a)(6)." Horsfall, 2011 WL 1628472, at *5; see, e.g., In re Gelhaar, 2010 WL 4780314, at *13-15 (Bankr. N.D. Ill. 2010); In re Munson, 2010 WL 3768017, at *9-10 (Bankr. N.D. Ill. 2010); In re Rodriguez, 2010 WL 2342452, at *9 (Bankr. N.D. Ill. 2010); Irmen, 379 B.R. at 312-13; In re Salvino, 373 B.R. 578, 589-92 (Bankr. N.D. Ill. 2007), aff'd, in Wish Acquisition LLC v. Salvino, 2008 WL 182241 (N.D. Ill. 2008); Whiters, 337 B.R. at 339; The court in Salvino explained that the common law definition of "willful and malicious" was not developed in connection with contract breaches and "if the standard is applied to contracts under § 523(a)(6), it would encompass a broad range of debts typically discharged in bankruptcy." Salvino, 373 B.R. at 390. The court stated:

> For example, a debtor who fails to pay rent undoubtedly knows that

the landlord will be injured by the nonpayment, and most debtors

would likely acknowledge that even failure to make credit card

payments is substantially certain to harm the credit card issuer.

Indeed, nearly all breaches of contract resulting in claims of

nonpayment would be "willful and malicious" under the tort

standard, in that the debtor knows that there is a contractual duty to

pay, chooses not to fulfill that duty (in order to make other

payments), and knows that injury to the creditor will follow.

Treating breaches of contract as willful and malicious injuries would

thus dramatically expand the number of non-dischargeable debts and

diminish the scope of the bankruptcy discharge. The Supreme Court

recognized the implausibility of this result when it included

"knowing breach of contract" among the items that could be

encompassed by an erroneously overbroad interpretation of "willful

and malicious."

Salvino, 373 B.R. at 590, quoting Geiger, 523 U.S. at 62.

The court in Salvino went on to find that the debtor's breach of his employment contract did

not constitute a willful and malicious injury under § 523(a)(6). Salvino, 373 B.R. at 591-92; see also

Rodriguez, 2010 WL 2342452, at *9 (court found that intentional breach of employment contract

was outside the scope of § 523(a)(6), noting that injury was not substantially certain to result from

the debtor' breach of his employment agreement because others could have filled in for him). In

affirming the bankruptcy court in Salvino, United States District Judge James B. Zagel stated:

[t]he vast majority of contracts are entered into for reasons of

pecuniary gain, and the foreseeable consequences of breach are also

pecuniary. Thus, a party may intentionally breach a contract with the

knowledge that an injury may result, but the nature of the injury is in

large part foreseeable, and, more importantly, assumed by both

parties as part of the risk, or cost, of doing business. The injury is

real, but it is not "malicious" in the sense that it deserves exception

from discharge under the Bankruptcy Code. This is especially true

in light of the general rule that exceptions to discharge should be

narrowly construed, in order to effectuate the mostly-still-intact

congressional policy of permitting bankrupts a fresh start.

Wish Acquisition, LLC v. Salvino, 2008 WL 182241, at *4 (N.D. Ill. 2008), citing In re Kimzey,

761 F.2d 421, 424 (7th Cir. 1985). This court agrees with the reasoning of both the bankruptcy court

and Judge Zagel in Salvino and concludes that breach of an employment contract, without more,

cannot constitute willful and malicious injury so that a debt arising from the breach is non-

dischargeable under § 523(a)(6).

In this case, General Medicine alleged that the Debtor breached her employment contract,

causing it injury. General Medicine also alleged that the Debtor's breach of the employment

agreement "was willful and malicious, in that said damages suffered by [General Medicine] was

either intended by [the Debtor], or [the Debtor] was substantially certain said damages would occur

as a result of [the Debtor's] failure to continue to provide services." This court concludes that these

conclusory allegations that the Debtor's breach was willful and malicious, without any factual

allegations in support, are not sufficient to create a plausible claim that the Debtor's breach of the contract was willful and malicious under § 523(a)(6). See Munson, 2010 WL 3768017, at *10-11; In re Wiszniewski, 2010 WL 3488960, at *10 (Bankr. N.D. Ill. 2010); In re Young, 428 B.R. 804, 821 (Bankr. N.D. Ind. 2010); Fairgrieves, 426 B.R. at 757-58; cf. Irmen, 379 B.R. at 313 (complaint sufficient to state a claim under § 523(a)(6) where the plaintiff alleged that the debtor not only breached the agreement but also misrepresented facts when the agreement was executed, thereby deliberately injuring the plaintiff by his deception).

This court recognizes that General Medicine has relied on In re Hallahan, 936 F.2d 1496 (7th Cir. 1991) in support of its argument that it has adequately stated a cause of action under § 523(a)(6). This court agrees with the Debtor that this reliance is misplaced.

In Hallahan, the bankruptcy court found that a debt incurred because of the debtor's breach of a covenant not to compete was non-dischargeable under § 523(a)(6). The district court and the Seventh Circuit affirmed the bankruptcy court's ruling. However, in Hallahan, the debtor conceded that he breached the contract willfully. Hallahan, 936 F.3d at 1500-01. Therefore, the Seventh Circuit stated that, because of this concession, it would not disturb the bankruptcy court's finding that the debt was non-dischargeable under § 523(a)(6). Hallahan, 936 F.2d at 1501. The specific issue of whether the debtor's breach of the contract was willful and malicious under § 523(a)(6) was not raised as an issue on appeal to the Seventh Circuit. Hallahan, 936 F.2d at 1499. Therefore, this court agrees with the Debtor that Hallahan's discussion of the concept of "willful and malicious" was dicta, with no real precedential value.

Moreover, in Salvino, Judge Zagel noted that the weight of Hallahan is undermined by the fact that it is a pre-Geiger decision and also by the fact that it is inconsistent with an unpublished

decision of the Seventh Circuit regarding § 523(a)(6). <u>Salvino</u>, 2008 WL 182241, at *4, <u>citing</u> <u>In re Pickens</u>, 234 F.3d 1273, 2000 WL 1071464 (7th Cir. 2000); <u>see also</u> <u>Munson</u>, 2010 WL 3768017, at *10 n.2. In <u>Pickens</u>, the Seventh Circuit determined that § 523(a)(6) did not provide a basis for finding that a debt based upon breach of contract was excepted from discharge. <u>Pickens</u>, 2000 WL 1071464, at *1. The court stated that, based on <u>Geiger</u>, § 523(a)(6) "is intended to prevent the discharge of debts incurred as a result of intentional torts." <u>Pickens</u>, 2000 WL 1071464, at *1. This court recognizes, as did Judge Zagel, that <u>Pickens</u> is an unpublished decision. However, this court agrees with Judge Zagel that <u>Pickens</u> is inconsistent with <u>Hallahan</u> and is another indication that <u>Hallahan</u> has no precedential value regarding this issue.

For all of the reasons stated, the court agrees with Judge Fines that General Medicine's Amended Adversary Complaint fails to state a cause of action. Accordingly, this court concludes that the Amended Complaint was properly dismissed under the applicable standard.

IT IS THEREFORE ORDERED THAT:

(1) The Order of the Bankruptcy Court entered on September 23, 2010 is affirmed.

(2) This case is terminated.

ENTERED this 10th day of May, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE